IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 23-cr-00070-JB |
| | * | |
| CRAIG D. PERCIAVALLE | * | |
| JOSEPH A. RUNKEL | * | |
| WILLIAM O. ADAMS | * | |

## CONSENT MOTION FOR EXCLUSION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, and Glenn S. Leon, Chief of the Fraud Section, Criminal Division, Department of Justice respectfully requests the Court find that the ends-of-justice served by continuing the trial outweigh the best interests of the public and the defendants in a speedy trial, and thus that the period from April 12, 2023 through September 5, 2023 is excluded in computing time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, pursuant to § 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv). The United States has conferred with counsel for Craig D. Perciavalle, Joseph A. Runkel, and William O. Adams (collectively, "the defendants"), and they do not oppose this motion.

### PROCEDURAL HISTORY

On April 12, 2023, the defendants made their initial appearance and were arraigned on an eight-count indictment. [Doc. No. 15, 16, 20, 21, 25, 26] At

arraignment, counsel for the defendants requested more time to determine whether they could move forward with their representations and to extend the deadline to file a motion to withdraw from representation under S.D. Ala. Crim. L.R. 44(a)(1). The Court initially extended the deadline for counsel to file their motions to withdraw from representation to May 16, 2023. [Doc. No. 33]  After additional status hearings and defense requests for continuance of the deadline, the Court extended the final deadline for all defendants' current retained counsel to move for leave to withdraw from representation under S.D. Ala. Criminal Local Rule 44(a)(1) to September 5, 2023. [Doc. No. 72]  On June 6, 2023, defendant Joseph A. Runkel filed a waiver of his Speedy Trial rights.  [Doc. No. 54]  On June 9, 2023, defendant Craig D. Perciavalle filed a waiver of his Speedy Trial rights.  [Doc. No. 59]  On June 14, 2023, defendant William O. Adams filed a waiver of his Speedy Trial rights.  [Doc. No. 59]

## LEGAL AUTHORITY

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, mandates that a defendant's trial "shall commence within seventy days" of the filing of his indictment or his appearance before a judge, whichever is later.  18 U.S.C. § 3161(c)(1).  But the statutory framework provides for the exclusion of certain periods of delay in computing the time within which a trial must commence.  *See* 18 U.S.C. § 3161(h).  As relevant here, a court may exclude any period of delay if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  For an ends-of-justice exclusion, the court must "set[] forth,

in the record of the case, either orally or in writing, its reasons for the finding that the ends of justice [were] served" by the exclusion of time. *Id.* Considering this provision, the Supreme Court concluded that "the Act requires express findings," and "without on-the-record findings, there can be no exclusion" of time from the 70-day requirement because the Speedy Trial Act "demands on-the-record [ends-of-justice] findings." *Zedner v. United States*, 547 U.S. 489, 506-07 (2006).

"Although the Act is clear that the findings must be made, if only in the judge's mind," it does not specify "precisely when those findings must be set forth in the record of the case." *Id.* (internal quotation marks omitted). The Eleventh Circuit has interpreted *Zedner* as indicating that ends-of-justice findings do not need to be made at the same time as when time is excluded (although that is the preferred practice). *See United States v. Ammar*, 842 F.3d 1203, 1207 (11th Cir. 2016) (a trial court "should put its findings regarding an ends-of-justice continuance on the record *at least* by the time it rules on the defendant's motion to dismiss for a speedy trial violation" (emphasis in original)).[1]

### THE COURT SHOULD EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

In this case, consideration of the § 3161(h)(7)(B) factors support the exclusion of time under the Speedy Trial Act pursuant to the ends-of-justice provision.

---

[1] "[A] defendant's agreement to waive the protections of the Act cannot, by itself, justify an ends-of-justice continuance because the public interest in a speedy trial is also protected by the Act." *Id.* at 1206.

Specifically, three § 3161(h)(7)(B) factors strongly support a trial continuance and the exclusion of time pursuant to the ends-of-justice provision: (1) this case is complex pursuant to § 3161(h)(7)(B)(ii); (2) a failure to continue trial would deny the defendants "reasonable time to obtain counsel" pursuant to § 3161(h)(7)(B)(iv); and (3) a failure to continue trial would deny the parties "the reasonable time necessary for effective preparation" pursuant to § 3161(h)(7)(B)(iv). Thus, the ends-of-justice served by continuing the trial date more than seventy days "outweigh the best interests of the public and the defendant in a speedy trial," § 3161(h)(7)(A).

First, this case is complex pursuant to § 3161(h)(7)(B)(ii) such that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. The three defendants are former executives of Austal USA, a contractor for the United States Navy. The eight-count indictment alleges that, while serving as executives at Austal USA, the defendants concealed negative information about Austal USA's performance of certain contracts with the Navy in an effort to defraud Austal Limited's shareholders and the investing public. The indictment alleges a complex fraud scheme that involved providing and causing others to provide false and fraudulent financial and other information about Austal's Independence-class Littoral Combat Ship (LCS) program. In addition, and as set forth in more detail below, the discovery in this case is voluminous. Accordingly, this case is complex pursuant to § 3161(h)(7)(B)(ii) due to the nature of the prosecution.

4

Second, § 3161(h)(7)(B)(iv) provides an additional basis for excluding time pursuant to the ends-of-justice exception in this case—to provide the defendants "reasonable time to obtain counsel." Specifically, issues related to indemnification by the defendants' former employer, Austal USA, and the existence and scope of Austal's insurance policies, which were issued by insurance carriers in Australia, have resulted in the defendants' need for additional time to obtain counsel. Current retained counsel have requested more time to determine whether they could move forward with their respective representations at the April 12, 2023 arraignment, by motion on May 11, 2023, at the June 6, 2023 status hearing, and at the July 10, 2023 status hearing. As a result, the Court granted additional time, until September 5, 2023, for the defendants and their respective counsel to determine whether current retained counsel would continue as counsel through the conclusion of this matter. [*See* Doc. No. 72] Accordingly, a failure to continue trial in this matter would deny the defendants reasonable time to obtain counsel due to the insurance and indemnification issues that they are working through.

Third, the ends-of-justice provision supports excluding time in this case to provide the parties "the reasonable time necessary for effective preparation," § 3161(h)(7)(B)(iv). On April 25, 2023 and May 31, 2023, the government prosecution team, in compliance with Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and the Court's April 12, 2023 Orders, *see* [Doc. Nos. 17, 22, 27], made two productions to the defendants that — combined — contained over

15 million records (that is, in the vicinity of 50 million pages of documents). As detailed in the government's July 6, 2023 filing and at the July 10, 2023 status hearing, the government has undertaken additional steps since then to assist the defendants in the review of the discovery provided. *See* [Doc. No. 69] Nonetheless, the volume of discovery in this matter warrants exclusion of time under the Speedy Trial Act to permit counsel for the parties the reasonable time necessary for effective preparation.

Accordingly, the parties jointly request the Court find that the period from April 12, 2023 through September 5, 2023 is excluded in computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, pursuant to § 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv). The parties have jointly submitted a proposed order.

Respectfully submitted this 22nd day of August 2023.

| | |
|---|---|
| SEAN P. COSTELLO<br>UNITED STATES ATTORNEY | GLENN S. LEON<br>CHIEF, FRAUD SECTION |
| By: /s/ *Christopher J. Bodnar*<br>Christopher J. Bodnar<br>Assistant United States Attorney<br>United States Attorney's Office for the<br>Southern District of Alabama<br>60 South Royal Street, Suite 600<br>Mobile, Alabama 36602 | By: /s/ *Robert Spencer Ryan*<br>Kyle C. Hankey, Assistant Chief<br>Laura Connelly, Trial Attorney<br>Robert Spencer Ryan, Trial Attorney<br>Fraud Section<br>1400 New York Avenue, NW<br>Washington, D.C. 20005<br>Telephone: (202) 514-2000<br>Facsimile: (202) 514-0142 |